UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAJIA AYOBI,<br><br>　　　　Petitioner,<br><br>　v.<br><br>ESPINOSA, Warden,<br><br>　　　　Respondent. | No. 2:17-cv-02349 AC P<br><br><br>ORDER |

Petitioner is a state prisoner attempting to pursue a petition for writ of habeas corpus under 28 U.S.C. § 2254, to challenge her 2013 murder conviction. By order filed November 16, 2017, this court directed petitioner to submit an updated application to proceed in forma pauperis and an amended petition for writ of habeas corpus.[1] See ECF Nos. 4, 6 (extending time).

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, her application to proceed in forma pauperis, ECF No. 7, will be

---

[1] The court reasoned, ECF No. 4 at 1-2 (fn. omitted):
> [T]he petition is not set forth on the form used in this district for seeking a writ of habeas corpus and, more importantly, appears improperly to challenge the ruling of the Superior Court on collateral review. Petitioner must exhaust her claims in the California Supreme Court before bringing them in federal court. While it may be that petitioner exhausted her claims in the California Supreme Court on direct review, see e.g. ECF No. 1 at 22, this is not clear from the present petition.

1

granted. See 28 U.S.C. § 1915(a).

Petitioner has not yet filed an amended federal petition for writ of habeas corpus but instead filed a motion to stay this action under Rhines v. Weber, 544 U.S. 269 (2005), pending petitioner's exhaustion of her Brady claim in the California Supreme Court. See Brady v. Maryland, 373 U.S. 83 (1963). Petitioner states that this claim "has been filed" in the California Supreme Court, see ECF No. 8 at 2 (averred on December 28, 2017), although review of petitioner's cases before that court indicates that her recent claim may have been resolved by the date she filed her motion to stay and abey.[2]

Petitioner's initial federal petition appears to allege both exhausted and unexhausted claims. See e.g. ECF No. 1 at 26 (wherein petitioner noted that she had not presented to the California Supreme Court her claims of "Ineffective Trial Attorney. Ineffective Appellate Attorney."). A federal habeas corpus petition that includes both exhausted and unexhausted claims is a "mixed" petition subject to dismissal. See Rhines, 544 at 273. However, a district court may stay a mixed petition in "limited circumstances," specifically, when (1) petitioner demonstrates good cause for failure to first exhaust the claim(s) in the state courts, (2) the claim(s) at issue are potentially meritorious, and (3) petitioner has not been dilatory in pursuing the litigation. Id. at 277-78. Here petitioner states that she previously failed to exhaust her Brady claim due to the ineffectiveness of her defense counsel. She states that the Assistant District Attorney made an admission on the record of his Brady violation, demonstrating the potential merit of this claim. See ECF No. 8 at 2. Petitioner does not, however, inform the court when she learned of this potential claim and whether she has acted diligently.

---

[2] Review of petitioner's cases filed in the California Supreme Court indicates that she filed a petition for writ of habeas corpus on August 3, 2017, which was denied on October 18, 2017 (contents are not available online). See Cal. S. Ct. Case No. S243574. The only other case filed by petitioner in the California Supreme Court was a petition for review, following a decision by the Third District California Court of Appeal. See Cal. S. Ct. Case No. S227090. See http://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 .

This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

This court is unable to assess the merits of petitioner's stay request due to her failure to file an amended petition. See n.1, supra. If petitioner's Brady claim has now been exhausted, she must say so in an amended petition. An amended petition should also clearly identify and provide supporting information for petitioner's previously exhausted claims. Accordingly, the court will deny the instant stay request without prejudice to petitioner filing a new request together with an amended petition for writ of habeas corpus.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis in this action, ECF No. 7, is granted.

2. Petitioner's motion to stay and abey this action, ECF No. 8, is denied without prejudice.

3. Petitioner shall, within thirty days after service of this order, file an amended petition for writ of habeas corpus on the form provided herewith and subject to the requirements set forth herein; petitioner may attach pertinent exhibits or request that the court electronically attach the exhibits she included with her original petition.

4. Petitioner may also, within thirty days after service of this order, file a renewed request to stay and abey this action pending the exhaustion of her unexhausted claim(s) in the California Supreme Court.

5. Petitioner's failure to timely comply with this order will result in a recommendation that this action be dismissed without prejudice.

6. The Clerk of Court is directed to send petitioner, together with a copy of this order: (1) the court's form for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and (2) a complete copy of the original petition (ECF No. 1).

DATED: January 10, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE