UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAJIA AYOBI, | No. 2:17-cv-02349 AC P |
| Petitioner, | |
| v. | <u>ORDER</u> and |
| ESPINOSA, Warden, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Respondent. | |

Petitioner is a state prisoner challenging her 2013 murder conviction in the Sacramento County Superior Court in a First Amended Petition (FAP) for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The FAP requests a stay of this action pending exhaustion in the state courts of petitioner's <u>Brady</u> claim[1] and, apparently, a related ineffective assistance of trial counsel claim. <u>See</u> ECF No. 8 at 2; ECF No. 10 at 14 ("two claims"). For the reasons set forth below, the undersigned will recommend that petitioner's stay request be granted.

Previously, by order filed November 16, 2017, the court denied petitioner's request for leave to proceed in forma pauperis with leave to file a new request, and dismissed petitioner's original petition with leave to file a FAP demonstrating the exhaustion of her state court remedies. ECF No. 4. By order filed January 10, 2018, the court granted petitioner's application

---

[1] <u>See</u> <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

1

to proceed in forma pauperis but denied her motion to stay and abey this action under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), pending submission of a FAP. ECF No. 9. The court instructed petitioner on the requirements for obtaining a stay and abeyance under <u>Rhines</u>, including the requirement that the FAP include and appropriately identify both her exhausted and unexhausted claims. <u>Id.</u>

However, in her FAP, petitioner has included only her previously exhausted claims. She requests a stay to exhaust her unexhausted claims in the state courts then, presumptively, to seek leave to further amend her petition to include the newly exhausted claims. Petitioner avers that her petition in the California Supreme Court remains pending.

Petitioner's instant stay request is governed by the standards set forth in <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003),[2] not those of <u>Rhines</u>. The Ninth Circuit Court of Appeals has described the "<u>Kelly</u> procedure" as a three-step process:

> (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

<u>King v. Ryan</u>, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing <u>Kelly</u>, 315 F.3d at 1070-71). The instant FAP, asserting only exhausted claims, satisfies the first step under <u>Kelly</u>.

Significantly, "the <u>Kelly</u> procedure . . . is not premised upon a showing of good cause." <u>King</u>, 564 F.3d at 1140. Cf. <u>Rhines</u>, 544 U.S. at 277-78 (a stay under <u>Rhines</u> is appropriate only when, inter alia, petitioner has demonstrated good cause for failing to previously exhaust her claims in the state courts). However, "[a] petitioner seeking to use the <u>Kelly</u> procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely" under AEDPA's statute of limitations. <u>Id.</u> at 1140-41. Thus the <u>Kelly</u> procedure, in contrast to the procedure approved in <u>Rhines</u>, does not protect a petitioner's unexhausted claims from becoming time-barred during a stay. <u>King</u>, 564

---

[2] <u>Kelly v. Small</u>, supra, 315 F.3d 1063, <u>cert. denied</u>, 538 U.S. 1042 (2003).

F.3d at 1140-41; see also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll AEDPA's statute of limitations). "[T]he Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." King, 564 F.3d at 1141.

Under Kelly, if a newly exhausted claim is time-barred, it may be added in an amended petition only if it "relates back" to petitioner's original exhausted claims. A new claim does not "relate back" to the original petition simply because it arises from "the same trial, conviction, or sentence." Mayle v. Felix, 545 U.S. 644, 662-64 (2005). Rather, the new claim must be of the same "time and type" as the original exhausted claims, and share a "common core of operative facts" with those claims. Id. at 659.

"A Kelly stay may be denied where the petitioner's new claims are deemed to be untimely and do not relate back to exhausted claims," that is, if "granting such a stay to permit exhaustion . . . would be futile." Spivey v. Gipson, 2013 WL 4517896, *9, 18 (E.D. Cal. 2013) (citing King, 564 F.3d at 1141-43). "If amendment is futile, a stay is inappropriate." Figueroa v. Lea, 2014 WL 1028500, * 5 (S.D. Cal. 2014) (citing Haskins v. Schriro, 2009 WL 3241836, *3 (D. Ariz. 2009).

At the present time, it is not clear that amendment of the FAP to include petitioner's newly exhausted claims would be futile, that is, that the claims would be time-barred. Petitioner avers that she "has been in court since her conviction. There has been no delay. She has acted as efficiently as possible given her knowledge of English and limited legal knowledge allowed." ECF No. 10 at 15.

Accordingly, this court will recommend that the FAP be stayed under Kelly pending the exhaustion of petitioner's new claims.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to randomly assign a district judge to this action.

2. The Clerk of Court is further directed to send petitioner, together with a copy of this order, a blank copy of the form used by prisoners in this district for pursuing a habeas corpus

////

action under 28 U.S.C. § 2254.³

Additionally, IT IS HEREBY RECOMMENDED that:

1. Petitioner's request to stay this action, see ECF No. 10, be granted under the standards and procedures set forth in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

2. After petitioner's new claims are exhausted in the California Supreme Court, she shall promptly move this court for leave to file a Second Amended Petition that incorporates all of her claims; the motion shall include petitioner's brief before the California Supreme Court, a copy of that court's decision, and a proposed Second Amended Petition.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, petitioner may file written objections with the court.⁴ Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 9, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

³ Petitioner shall complete and return this form *after* the California Supreme Court renders its decision, in support of petitioner's motion in this court for leave to file a Second Amended Petition (unless petitioner pursues the option identified in fn. 4, infra).

⁴ If petitioner prefers consideration of her stay request under Rhines, due to concern that her new claims may be time-barred, she may so request in her objections to these findings and recommendations. However, for the reasons explained in the Order dated January 10, 2018, such request must demonstrate good cause for petitioner's delay and must be submitted together with a Second Amended Petition that includes and appropriately identifies both petitioner's exhausted and unexhausted claims.

4