UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAJIA AYOBI,<br><br>           Petitioner,<br><br>   v.<br><br>ESPINOZA, Warden,[1]<br><br>           Respondent. | No. 2:17-cv-02349 MCE AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

### I.     **Introduction**

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a Second Amended Petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. See ECF No. 14. Petitioner challenges her 2013 murder conviction in the Sacramento County Superior Court.

Currently pending is respondent's motion to dismiss this action on the ground it was commenced beyond the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d). See ECF No. 19. Petitioner opposes the motion. ECF No. 20. Respondent has filed a reply. ECF No. 22.

////

---

[1] Respondent informs the court that the correct spelling of the Warden's name is Espinoza, not Espinosa. ECF No. 19 at 1 n.1. The Clerk of Court will be directed to make this change on the docket.

1

This matter is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons set forth below, the undersigned recommends that respondent's motion to dismiss this action be granted.

**II.  Chronology**

The following dates and matters are pertinent to the court's analysis:[2]

**A.  Trial court Proceedings**

- <u>May 1, 2013</u>: Following a jury trial in the Sacramento County Superior Court, petitioner was found guilty of first degree murder of her husband; an arming enhancement was found true. On June 15, 2013, petitioner was sentenced to a prison term of 25-years-to-life plus one additional year for the enhancement. Lodg. Doc. 1.

**B.  Direct Review**

- <u>May 4, 2015</u>: The California Court of Appeal, Third Appellate District, affirmed petitioner's conviction and sentence by written order. Lodg. Doc. 2.

- <u>August 12, 2015</u>: The California Supreme Court summarily denied review. Lodg. Doc. 4.

**C.  State Collateral Review**

Thereafter, petitioner filed four pro se petitions for collateral review in the state courts.

- <u>August 7, 2016</u>: Petition for writ of habeas corpus filed in the Sacramento County Superior Court. Lodg. Doc. 5.

- <u>September 20, 2016</u>: Petition denied by written order as untimely, with citations to, inter alia, <u>In re Robbins</u>, 18 Cal. 4th 770, 811-12 (1998), and <u>In re Clark</u>, 5 Cal. 4th 750, 774-75 (1993). Lodg. Doc. 6. (The "title" of the September 20, 2016 denial order was corrected by order filed November 30, 2016. <u>Id.</u>)

- <u>March 7, 2017</u>: Petition for writ of habeas corpus filed in the California Court of

---

[2] All filing dates reflect application of the prison mailbox rule, under which a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See <u>Houston v. Lack</u>, 487 U.S. 266 (1988) (establishing prison mailbox rule); <u>Campbell v. Henry</u>, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

2

Appeal, Third Appellate District. Lodg. Doc. 7.

- <u>March 16, 2017</u>: Petition summarily denied. Lodg. Doc. 8.
- <u>August 1, 2017</u>: Petition for writ of habeas corpus filed in the California Supreme Court. Lodg. Doc. 9.
- <u>October 18, 2017</u>: Petition summarily denied. Lodg. Doc. 10.
- <u>December 28, 2017</u>: Petition for writ of habeas corpus filed in the California Supreme Court. Lodg. Doc. 11.
- <u>May 9, 2018</u>: Petition denied, the California Supreme Court stating in full:

> The petition for writ of habeas corpus is denied. (See <u>In re Robbins</u>, 18 Cal. 4th 770, 780 [courts will not entertain habeas corpus claims that are untimely]; <u>In re Clark</u>, 5 Cal. 4th 750, 767-69 [courts will not entertain habeas corpus claims that are successive].

Lodg. Doc. 12 (brackets in original).

### D. **Federal Petition for Writ of Habeas Corpus**

- <u>November 1, 2017</u>: Petitioner filed the instant federal habeas petition pursuant to 28 U.S.C. § 2254. <u>See</u> ECF No. 1.

### III. **Legal Standards**

#### A. **Motion to Dismiss**

A respondent's motion to dismiss, after the court has ordered a response, is reviewed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. <u>See</u> <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (citing <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989)). Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

#### B. **Statute of Limitations and Tolling**

Under AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute provides four alternate trigger dates for commencement of the limitations period. <u>Id.</u>, § 2244(d)(1)(A)-(D).

3

The limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). A state petition is "properly filed," and thus qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). A "properly filed" state petition is considered "pending" under Section 2244(d)(2) during both its pendency in the reviewing court and the interval between that court's decision and the filing of a petition in a higher court, provided the latter is filed within a "reasonable time." Carey v. Saffold, 536 U.S. 214, 216-17 (2002)); see also Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010). "An untimely petition, however, is not 'properly filed' pursuant to 28 U.S.C. § 2244(d)(2), and so it does not toll the statute of limitation." Banjo at 968 (citing Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005)); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007)).

Additionally, there is no statutory tolling for the period between a final state court decision and the filing of a federal petition. Duncan v. Walker, 533 U.S. 167 (2001). State habeas petitions filed after expiration of the limitations period do not revive the statute of limitations and have no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner is not entitled to tolling where the limitations period has already run).

The limitations period may be equitably tolled if a petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace at 418). "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." Lakey v. Hickman, 633 F.3d 782 (9th Cir. 2011) (citations and internal quotation marks omitted). Petitioner bears the burden of proving application of equitable tolling. Banjo, 614 F.3d at 967 (citations omitted).

**IV.     The Parties' Arguments**

Respondent moves to dismiss the instant federal petition on the ground it was untimely filed after expiration of the limitations period set forth in 28 U.S.C. § 2244(d)(1)(A). Under this

4

subdivision, the limitations period concludes one year after "the [challenged state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Respondent contends that neither statutory nor equitable tolling render the petition timely filed.

Petitioner does not dispute that her petition was untimely filed but asserts she is entitled to equitable tolling because English is her second language, the prison law library is inadequate and the library staff unhelpful, and petitioner lacks the requisite legal knowledge.

**V.     Analysis**

Following the California Supreme Court's denial of direct review on August 12, 2015, petitioner had ninety days, or until November 10, 2015, to file a petition for writ of certiorari in the United States Supreme Court. See Rule 13, Supreme Court Rules. Because petitioner did not pursue that option, AEDPA's limitations period commenced the next day, on November 11, 2015. See Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999) ("period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition"); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (commencement of limitations period excludes last day of period for seeking direct review, by application of Fed. R. Civ. P. 6(a)).

Accordingly, absent statutory or equitable tolling, the federal limitations period expired one year later, on November 10, 2016. Petitioner's federal habeas petition was filed on November 9, 2017, nearly one year after the deadline.

There are no grounds for statutory tolling. Petitioner's first state habeas petition was expressly denied as untimely, with repeated citations to In re Robbins, 18 Cal. 4th 770, 811-12 (1998), and In re Clark, 5 Cal. 4th 750, 774-75 (1993). See Lodg. Doc. 6. "A summary denial citing Clark and Robbins means that the petition is rejected as untimely" by California courts. Walker v. Martin, 562 U.S. 307, 307 (2011). A state petition expressly denied as untimely is not "properly filed" under AEDPA and therefore not entitled to statutory tolling under § 2244(d)(2). Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005), amended on denial of rehearing, 439 F.3d

993 (9th Cir. 2006). "A California court's determination that a filing was untimely . . . is dispositive." Banjo, 614 F.3d at 968 (citing Carey v. Saffold, 536 U.S. 214, 225-26 (2002)). "Under Pace, if a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled." Bonner, 425 F.3d at 1149.

This authority compels the conclusion that none of petitioner's state habeas petitions tolled AEDPA's one-year limitations period. When petitioner's first state petition was denied by the Superior Court on September 20, 2016, 314 days of the limitations period (which had commenced on November 11, 2015) had already expired. When petitioner filed her second state habeas petition in the Court of Appeal on March 7, 2017, the federal limitations period had expired several months previous, on November 10, 2016. The Court of Appeal's summary denial of petitioner's second petition, and the California Supreme Court's summary denial of petitioner's third petition, are presumed to have been decided on untimeless grounds. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."). This conclusion is underscored by the California Supreme Court's denial of petitioner's fourth petition as untimely, with citations to Robbins and Clark. See Lodg. Doc. 12. As a result, petitioner is not entitled to statutory tolling.

The court next examines petitioner's argument she is entitled to equitable tolling. Petitioner asks the court to refrain from dismissing her petition "in the interest of justice" and within "the spirit of law." ECF No. 20 at 1. However, this court is without discretion to extend AEDPA's limitations period unless petitioner demonstrates she was diligently pursuing her rights but some extraordinary circumstance stood in her way to prevent timely filing. Holland, 560 U.S. at 649.

Petitioner avers in pertinent part, ECF No. 20 at 1-2 (with minor edits):

> Petitioner is a middle-aged woman from Afghanistan dropped by her legal counsel due to no longer being court appointed. Petitioner speaks primarily Persian. She spent months going to the prison law library to learn what steps she needed to take. Employees at the prison library are not trained in the legal field, do not offer legal assistance and in most situations cannot be bothered period. The inmate staff is not even required to have a high school diploma much

6

> less higher training. This highlights the efforts that Ms. Ayobi took battling lack of support, language barrier and lack of legal knowledge to produce her first writ filed August 7, 2016 within the one year plus 90 days allowed. Her writ contained unexhausted arguments so she filed in Sacramento County Superior Court. Her lack of legal knowledge led to her failing to file a stay and abey at the Federal Court.

Petitioner does not assert that she is unable to read or write English; nor does she assert that she sought but was unable to obtain the assistance of a Persian translator or other pertinent guidance in her native language. "[A] non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, [she] was unable, despite diligent efforts, to procure either legal materials in [her] own language or translation assistance from an inmate, library personnel, or other source." Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006). Petitioner fails to make this demonstration. Moreover, petitioner's numerous filings in the state and federal courts indicate that she was capable, with or without assistance, to navigate numerous filing requirements and file her documents in English. Additionally, lack of access to legal library materials and untrained library staff, without more, do not constitute grounds for equitable tolling. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (citing Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc)). Nor is petitioner's belated awareness of the federal stay-and-abey option an extraordinary circumstance but instead appears to demonstrate a lack of due diligence. "[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). For these reasons, the undersigned is compelled to conclude that petitioner is not entitled to equitable tolling.

Because petitioner is entitled to neither statutory nor equitable tolling, her federal petition, filed nearly a year after expiration of AEDPA's limitations period, was untimely and should be dismissed on that basis.

### VI. **Conclusion**

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that the Clerk of Court shall, on the docket in this case, correct the spelling of respondent's name to "Espinoza." See n.1, supra.

1  Further, IT IS HEREBY RECOMMENDED that:

2  1. Respondent's motion to dismiss, ECF No. 19, be granted; and

3  2. Petitioner's Second Amended Petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 14, be dismissed as untimely under 28 U.S.C. § 2244(d)(1)(A).

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

  If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: October 25, 2018

            /s/ Allison Claire
            ALLISON CLAIRE
            UNITED STATES MAGISTRATE JUDGE